***LEEDS BROWN LAW, P.C.***
One Old Country Road, Ste. 347
Carle Place, NY 11514
(516) 873-9550

<u>*Via ECF*</u>　　　　　　　　　　　　　　　　　　　　　　November 8, 2013

Hon. Margo K. Brodie
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

　　　Re:　　<u>Docket No.:  11 CV 1402 (MKB) (GRB)</u>

Dear Judge Brodie:

　　　Leeds Brown Law P.C. ("Firm") is predecessor counsel to the infant plaintiff in the above-referenced matter. Upon our request, we were relieved as counsel by order dated October 25, 2013. Nonetheless, we feel compelled to respond to the Magistrate's referral of this Firm to the Grievance Committee so that our silence will not be interpreted as acquiescence to any characterization made about our conduct. While we understand that the Magistrate can refer any attorney to the Grievance Committee and that order has not been submitted for Your Honor's approval, it was included within the Report and Recommendation, and thereby made part of a public record. Thus, there has been public harm to our reputation before any finding of wrongdoing. This challenge to the Firm's ethics requires a public denial. Thus, we want the record to reflect that the Firm, my partners and I unequivocally deny that there was anything dishonest or unethical about our retainer, representation, handling or billing in this matter.

　　　Further, the referral order was made in the absence of a complete record. This occurred because the Magistrate said that our Firm's fees were a "stumbling block in concluding a settlement." (Civ. Conf. Min. Order Sept. 12, 2013, ¶ 3). Pursuant to his Order, the Magistrate indicated that he would recommend the infant's settlement provided that the Firm forfeited most of its fees. (See <u>Id.</u> ¶ 3-4). The Order further stated that if the Firm did not agree to the Magistrate's proposed resolution, the Firm was directed to submit:

> a brief, all billing and payment records and any other documents or evidence it deems appropriate concerning: the amount and propriety of its fees and other costs in this matter, including the value of economic and non-economic relief obtained in this matter; all representations made to plaintiffs concerning the potential value and reasonably expected recovery in this matter; the background leading to the proposed settlement with defendants, the preparation and submission of the infant compromise application and the factual matters contained therein; and any other matters it deems appropriate.

(<u>Id.</u> ¶ 4).

Thus, the Firm faced a difficult choice, either (a) accept the Magistrate's proposal, so that the Magistrate would recommend the settlement of our client's claim, while also avoiding the time and effort necessary to litigate these issues, or (b) defend ourselves on a full record thereby delaying and possibly preventing the approval of a settlement that our then-client desired.

The Firm's choice to forgo its right to defend itself on a full record was not an admission of any wrongdoing. Rather, it was done to facilitate the Magistrate's immediate endorsement of the settlement and as a pragmatic alternative to spending more time and effort addressing the matter. Further, accepting the Magistrate's proposal in lieu of mounting a comprehensive defense was encouraged by the Magistrate.

Additionally, much of the factual narrative which forms the background for the referral order was taken from statements contained on a record that was supposed to be sealed except to the extent necessary to approve the infant's settlement. Although the referral order quoted and published selective excerpts from the sealed transcript, the Firm cannot take the same liberty in defending itself in the Law Journal or other public forums. Moreover, the referral order cites to an *ex parte* letter supplied by plaintiff's present counsel which we have never seen to this day.

In sum, we have the greatest respect for the Magistrate's commitment to protect the infant plaintiff's interests. However, we have been subjected to public ridicule upon a grossly incomplete factual record, without the benefit of any legal briefing whatsoever. We are confident that upon review of the totality of the facts, law and circumstances, we will be exonerated from all alleged wrongdoing.

Thank you for your attention to this matter.

Very truly yours,

LEEDS BROWN LAW, P.C.

\_\_\_/s_____
RICK OSTROVE

cc:     All counsel (via ECF)
        Magistrate Judge Gary Brown (via ECF)