UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

C.M., an infant, by and through his parents
and natural guardians, P.M. and J.M.,

                    Plaintiff,                 **MEMORANDUM & ORDER**
                                                               11-CV-1402 (MKB)
          v.

SYOSSET CENTRAL SCHOOL DISTRICT
and JOANNE MANNION, individually and
in her official capacity,

                    Defendants.
-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff C.M., along with C.M.'s parents, P.M. and J.M., filed the above-captioned action on March 23, 2011, alleging that Defendant Syosset Central School District and principal Joanne Mannion discriminated and retaliated against C.M. in violation of 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, *et seq.*, and the New York State Human Rights Law, N.Y. Exec. Law § 296. Currently before the Court is a report and recommendation from Magistrate Judge Gary R. Brown recommending approval of an infant compromise. For the reasons set forth below, the Court adopts the report and recommendation in its entirety.

**I. Procedural Background**

      On December 19, 2012, the parties moved for Court approval of an infant compromise to settle this proceeding. (*See* Docket Entry No. 25.) The Court referred the application to approve the settlement to Judge Brown for a report and recommendation. (*See* Order dated Dec. 19, 2012.) On August 9, 2013, Judge Brown filed a report and recommendation (the "August 2013

R&R"), recommending that this Court reject the infant compromise.  (*See* Docket Entry No. 30.)

Judge Brown recommended rejecting the infant compromise because of "the scant information presented regarding such factors as the strength of the case, potential legal obstacles, the complexity of the litigation, and the nature and extent of the injuries to the infant [P]laintiff [which] render[ed] it impossible to fairly evaluate the propriety of the $17,500 offer to settle the case," and because "the proposed settlement provide[d] for 100 percent of the proceeds to be paid — albeit indirectly — towards attorneys' fees and costs, and provide[d] nothing for the infant [P]laintiff."  (August 2013 R&R at 11, 18.)

On August 22, 2013, before the deadline for filing objections to the August 2013 R&R, the parties jointly requested that the deadline for filing objections be extended and that the Court refer this matter to Judge Brown for additional consideration and settlement discussions. (Docket Entry No. 32.)  The Court referred the matter to Judge Brown by Order dated August 22, 2013 for additional consideration and settlement discussions.  (Order dated August 22, 2013.)

Judge Brown proposed a resolution, which required Leeds Brown Law, P.C. (the "Leeds firm") to return to Plaintiffs all fees paid by Plaintiffs except for $5,000 and, upon receipt of the refund and payment of the settlement by Defendants, $12,500 would be deposited into an account exclusively for the benefit of the minor Plaintiff, to be held until he reaches a suitable age.  (*See* Docket Entry No. 39 ("October 2013 R&R") at 7.)  All parties, along with the Leeds firm, agreed to this resolution.  (*Id.*)

## II. October 2013 Report and Recommendation

On October 25, 2013, Judge Brown issued a report and recommendation recommending that the request for approval of an infant compromise, as modified to include the reimbursement to Plaintiffs of all attorneys' fees paid to the Leeds firm except for $5,000 and the deposit of

$12,500 into an account on behalf of the infant Plaintiff, be granted. (*See* October 2013 R&R at 9–13, 23.) No objections were filed.

In addition to issuing the October 2013 R&R, Judge Brown referred the Leeds firm to the grievance committee as a result of concerns regarding (1) the Leeds firm's retainer agreement and amount of fees charged, (2) representations made by the Leeds firm to Plaintiffs to induce the payment of fees, and (3) failure by the Leeds firm to properly comply with infant compromise procedures, including the failure to disclose material information in connection with the application to approve the infant compromise and subsequent to the initial application's denial. (October 2013 R&R at 13–22.) The Leeds firm filed a letter offering a "public denial" of Judge Brown's findings, "so that our silence will not be interpreted as acquiescence to any characterization made about our conduct." (Docket Entry No. 40.)

### III. Discussion

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" *Sepe v. New York State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) (quoting *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997)); *see also Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's Report and Recommendation if the party fails to file timely objections designating the particular issue.").

The Court has reviewed the unopposed October 2013 R&R, and, finding no clear error, the Court adopts Judge Brown's October 2013 R&R in its entirety pursuant to 28 U.S.C.

§ 636(b)(1). In light of the settlement of this proceeding, Judge Brown's August 2013 R&R is terminated as moot. The Clerk of Court is directed to close the case.

SO ORDERED:

s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: November 22, 2013
      Brooklyn, New York